[No. 38836.    Department One.    March 2, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. C. T. HATTEN, *Appellant.*\*

\*Reported in 425 P.2d 7.

*Orvin H. Messegee,* for appellant.

*Charles O. Carroll* and *David H. Beitz,* for respondent.

ROSELLINI, J.—This court is asked to review an order of the Superior Court for King County adjudicating the appellant in contempt of court. He was sentenced to 15 days in jail and assessed a fine of $300.

The order was based upon the conduct of the appellant which occurred during a criminal trial in which he appeared as attorney for the defendants, who were charged with the crime of forgery.

On the morning of the second day of the trial, the appellant did not appear when court convened. The court, with the aid of the bailiff, a bail bondsman, and another attorney, was able to determine that the appellant was staying at the home of one of the defendants. An attempt by the police to contact him at the address was unsuccessful. He arrived at court one hour and 15 minutes late.

When the appellant appeared, the judge immediately placed him under oath and interrogated him. The appellant did not offer an apology or an explanation which was satisfactory to the court.

The court directed the assistant prosecuting attorney to prepare an affidavit, as prescribed by RCW 7.20.040, and this was served on the appellant at the end of the day. He was ordered to appear the following morning in court and defend against the charge of contempt. He did appear in company with counsel which he had engaged. Counsel objected to the jurisdiction of the court, stating he thought the matter should be tried by another judge and that the appellant was entitled to a jury trial. The court overruled these objections. While counsel stated that he had not had time to brief the legal question involved, he did not ask for a continuance. He asked for permission to call two witnesses. Permission was granted and the witnesses were called and testified on behalf of the appellant.

At the conclusion of this hearing, the court, in its findings, set forth the efforts which were made to locate the

appellant, and also found that on his way to court he stopped to consume a drink of an intoxicating beverage, and that the reason the court was unable to communicate with the appellant was that the telephone was off the hook. Otherwise, the court found the telephone was operative and available for appellant's use had he seen fit to call the court.

The court did not believe the appellant's excuse that his lateness was due to illness. The appellant testified that he had been up until 3 o'clock the preceding night, visiting bars and consuming intoxicating liquor. This activity, he said, was incident to a search for a briefcase and a witness who might have been of help to the defendants in the criminal trial. The facts that the police were unable to get a response from the appellant, that the telephone was off the hook, and that the appellant did not attempt to call the court or report his illness all combined to convince the court that his absence was deliberate.

The deliberate failure of an attorney to appear in court to defend his clients in a criminal trial, the court concluded, is contempt. In reaching this conclusion, the court observed the inconvenience to the court's employees, opposing counsel, the witnesses and the jury, as well as the discredit reflected upon the court in the eyes of the jury by the unexplained extended delay.

On appeal,[1] the appellant has abandoned his contention that the judge in whose court the contempt occurred was not a proper judge to conduct the hearing and also has abandoned the contention that he was entitled to a jury trial.

■ It is first contended that the charging affidavit was insufficient because it contained matters which, as far as the prosecuting attorney was concerned, could only have been hearsay. (See State ex rel. Erhardt v. MacGillivray, 52 Wn.2d 485, 326 P.2d 738 (1958) ). However, the prosecuting attorney had first-hand knowledge of the fact that the appellant was absent from court for more than an hour

---

[1]Appellant's present counsel did not represent him below.

after court convened on the day in question, and consequently, the material facts set forth in the affidavit were not hearsay. The only facts required by RCW 7.20.040 to be shown in the affidavit are the facts constituting the contempt, which in this case was tardiness in court.

The appellant suggests that the affidavit should have negatived any defense the appellant might have. He cites no authority for this proposition, and we are certain that none exists. It is not necessary to set defensive matter forth in order to apprise the attorney of the facts constituting the contempt with which he is charged.

It is urged that the appellant was denied due process of law because he was not given sufficient time to prepare his defense. It is not contended that the statute prescribes a minimum period of time which shall be accorded a defendant charged with contempt for the preparation of his defense. If the contempt had been treated as one occurring in the presence of the court, it could have been summarily punished under the provisions of RCW 7.20.030.

However, as this court has held in *State v. Winthrop*, 148 Wash. 526, 269 Pac. 793, 59 A.L.R. 1265 (1928), an attorney's absenting himself from the courtroom when his case is called for trial is not a contempt in the court's presence. One aspect of the contempt, the fact of absence, is, of course, obvious to the court, but the explanation of the absence is not known and the facts may be such as to excuse the apparent contempt. Consequently, the contemner is entitled to be heard and produce his witness or other evidence.

The appellant concedes that due process only requires that a defendant be given a reasonable time for preparation. He cites 5 Wharton, Criminal Law and Procedure § 1914 (1957). This section reads further:

What constitutes a reasonable time depends on particular circumstances. The time to be given to defendant to procure counsel and prepare his defense is within the sound discretion of the trial court, which depends on what is fair, right, and reasonable in the particular case. The action of the trial court may be reversed for an abuse of discretion.

In the case of *State v. Nicoll,* 40 Wash., 517, 82 Pac. 895 (1905) which involved a contempt committed out. of the presence of the court, we said, at 524:

A party charged with contempt has the same right to be heard in his defense as a party charged with any other offense where life, liberty, or property is involved. Contempt proceedings, however, are summary in their nature, and the extent of the hearing, so far as it relates to questions of law alone, rests within the sound discretion of the court.

The defense relied upon in that case was that the court lacked jurisdiction to grant the order, the violation of which constituted the contempt, and this court said that since the court had decided the question correctly, it was of no significance whether the court had arrived at its decision summarily and arbitrarily, or after the most painstaking investigation.

In this case, the only complaint made by the appellant's counsel in the trial court (and it must be remembered that the appellant is also an attorney) concerning the brevity of the time for preparation was that there had not been sufficient time to brief the point of law involved. The appellant did not ask for a continuance; furthermore, there is no contention made in this court that a better defense could have been prepared, had more time been allowed. It is not suggested that the court did not have before it all of the pertinent evidence which the appellant could have supplied. If a more extensive hearing than that which is afforded is desired in contempt proceedings, an application for such hearing must be made in the trial court, otherwise, error cannot be predicated on the failure to grant it. *State v. Zioncheck,* 171 Wash. 388, 18 P.2d 35 (1933).

With one exception, the remaining assignments of error concern matters which are not material to the issues in the case and to set them forth here would serve no useful purpose.

This exception is a claimed error in imposing sentence. The trial court imposed a sentence which is authorized un-

der RCW 7.20.010, pertaining to contempts committed in the presence of the court. It is conceded by the respondent that this section of the statute is inapplicable, that the sentence should have been imposed according to RCW 7.20.020, which provides:

Every court of justice, and every judicial officer has power to punish contempt by fine or imprisonment, or both. But such fine shall not exceed three hundred dollars, nor the imprisonment six months; and when the contempt is not of those mentioned in RCW 7.20.010 (1) and (2), *it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby, before the contempt can be punished otherwise than by a fine not exceeding one hundred dollars.* (Italics ours.)

It is conceded by the respondent that no right or remedy of a party was defeated or prejudiced by the contempt, therefore, the punishment should have been a fine not exceeding $100.

The cause is remanded for imposition of sentence according to this provision. In all other respects, the order is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and STAFFORD, J. Pro Tem., concur.