2013 JUL -1 AM 9:27
COURT OF APPEALS DIV I

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GAEL DURAN, a single woman, | ) | NO. 68526-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ARMSTRONG, an unmarried | ) | UNPUBLISHED OPINION |
| man; GREG MOSELY, a married man, | ) | |
| and JANE DOE MOSELY, and the | ) | FILED: July 1, 2013 |
| marital community composed therein, | ) | |
| | ) | |
| Appellants. | ) | |

LAU, J. — The trial court resolved a real property dispute between three neighbors by entering a summary judgment order directing two of the neighbors, David Armstrong and Greg Mosley,[1] to remove a fence, rockery, and landscaping that encroached on an unimproved ingress, egress, drainage, and utilities easement benefitting the third neighbor, Gael Duran. Armstrong and Mosley appeal from a $14,900 contempt judgment entered to sanction their noncompliance with the summary judgment order. Because the trial court properly entered an order for contempt and sanctions and because the appellants' remaining assignments of error are not properly

---

[1] We refer to Greg Mosley, his wife, and their marital community as "Mosley."

before us, we affirm the contempt judgment and remand to the trial court for further proceedings consistent with this opinion.

## FACTS

Armstrong, Mosley, and Duran are neighboring landowners in Bothell, Washington. Armstrong owns the lot north of Duran's lot. Mosley owns the lot west of Duran's lot. Mosley's lot includes an unimproved, 30-foot-wide "panhandle" that extends east to connect with Waynita Way Northeast. The panhandle runs between Duran's lot and Armstrong's lot, providing a buffer between the two lots.

Duran's lot benefits from a recorded access, drainage, and utilities easement that burdens the panhandle portion of Mosley's lot. Armstrong's southern property line defines the northern boundary of the easement. Duran's northern property line defines the easement's southern boundary.

As part of a boundary line negotiation unrelated to this case, Mosley agreed to convey the easement property (i.e., the panhandle) to Armstrong. The record does not indicate whether the conveyance actually occurred. Regardless, Mosley did not object when Armstrong built a wooden fence and rockery in the panhandle, within one foot of Duran's northern boundary line. Mosley did not participate in the construction.

In 2008, Armstrong painted the words "Stay away from us" on Duran's side of the fence. Although the city ordered Armstrong to remove the paint, Armstrong and Mosley refused to remove the fence, rockery, and landscaping.

In December 2010, Duran sued Armstrong and Mosley. She alleged that Armstrong's fence encroached on her easement and constituted a maliciously erected structure under RCW 7.40.030 (i.e., a "spite fence"). She also alleged that Armstrong's

-2-

installation of the fence and subsequent "painting of hostile and harassing graffiti" were actionable as trespass, nuisance, intentional and/or negligent infliction of emotional distress, and a fourth tort theory she described as "encroachment." She alleged that Mosley incurred joint liability on all claims because he aided, permitted, or failed to prevent Armstrong's actions.

Duran requested both injunctive and monetary relief. First, she requested an equitable injunction "ordering the fence to be removed, and any rockery and/or landscaping which encroaches on the easement area so as to prevent Duran's use of the easements to be removed so as to render the easement property useable by Duran for ingress, egress, and utility access . . . ." Second, she requested an injunction under RCW 7.40.030—the "spite fence" statute. Finally, she requested monetary damages and prejudgment interest on her encroachment, trespass, nuisance, and infliction of emotional distress claims.

Duran moved for summary judgment on all claims. She requested "injunctive relief in ordering the removal of a fence and landscaping in an express easement area . . . ." She then argued for summary judgment on her encroachment, trespass, nuisance, and infliction of emotional distress claims. She claimed that she "suffered significant emotional distress and financial damages as a result of Defendants' actions for which she is lawfully entitled to compensation." She specifically requested "treble damages for trespass."

On August 15, 2011, the trial court entered an order granting Duran's summary judgment motion. The order stated, "Defendants [Armstrong and Mosley] are hereby ordered to remove the fence, rockery, landscaping, and all other their [sic]

encroachments from the easement area as described in the easement previously recorded pertaining to the subject property within 30 days of the date of this Order." The order fails to indicate which claims, if any, survive summary judgment. Despite Duran's claim for "emotional distress and financial damages" and "treble damages for trespass," the order is silent regarding monetary relief.

Armstrong and Mosley jointly moved for clarification and reconsideration. They asked the court to clarify the status of Duran's tort claims, claiming, "[I]t is not clear whether some or all of [Duran's] requests were granted."[2] Duran opposed the motion. The court declined to clarify its order and summarily denied the motion.

In October 2011, Duran moved for an order of contempt and sanctions. She argued that Armstrong and Mosley "failed to remove the encroaching fence and landscaping." The court granted the motion and ordered Armstrong and Mosley to pay $2,100 in attorney fees and $100 per day in sanctions until they fully complied with the summary judgment order. The court later denied reconsideration.

In February 2012, the court granted Duran's motion to reduce the order for contempt and sanctions to a final judgment. It entered a $14,900 contempt judgment that included $12,800 in sanctions and $2,100 in attorney fees.

On March 21, 2012, Armstrong and Mosley filed a joint notice of appeal. Their notice designated six trial court decisions for review: (1) the August 15, 2011 order granting Duran's motion for summary judgment, (2) the September 14, 2011 order denying Armstrong and Mosley's joint motion for reconsideration of the summary

---

[2] At oral argument before this court, Duran claimed the court granted summary judgment on all claims in her favor. The summary judgment order controls, not Duran's unsupported argument.

judgment order, (3) the November 29, 2011 order granting Duran's motion for contempt and sanctions, (4) the January 4, 2012 order denying Armstrong and Mosley's joint motion for reconsideration of the order for contempt and sanctions, (5) the February 21, 2012 order granting Duran's motion to reduce the sanctions to a final judgment, and (6) the February 21, 2012 final contempt judgment.

On June 11, 2012, the trial date set by the case scheduling order lapsed. Despite the unresolved tort claims, no trial was ever held. The record contains no order dismissing those claims.[3]

Prior to oral argument in this appeal, Armstrong and Mosley removed the fence, rockery, and landscaping, and paid the accrued sanctions. At oral argument, Duran's attorney acknowledged that "the encroachments were removed." Wash. Court of Appeals oral argument (June 5, 2013), at 1 hr., 35 min., 4 sec. The attorney also acknowledged that Armstrong and Mosley satisfied the $14,900 contempt judgment.

## ANALYSIS

Armstrong and Mosley challenge both the final contempt judgment and the underlying summary judgment order.[4] As explained below, only the contempt judgment is properly before us.

---

[3] At oral argument before this court, Duran's attorney asserted that Duran "abandoned" her tort claims once the trial court granted her motion for summary judgment. Wash. Court of Appeals oral argument (June 5, 2013), at 1 hr., 33 min., 35 sec. Given the procedural history discussed above, whether Duran abandoned her tort claims is not relevant to our resolution.

[4] Armstrong's third assignment of error states, "The trial court erred in failing to enter a declaratory ruling in favor of Defendants." Br. of Appellant Armstrong at 1. This challenge fails because neither defendant counterclaimed for declaratory relief below.

## Appealability

The rule is well settled. A summary judgment order that determines fewer than all the issues in a case is not appealable as a matter of right unless the trial court certifies the order for immediate appeal under CR 54(b). RAP 2.2(a); Pepper v. King County, 61 Wn. App. 339, 344-45, 810 P.2d 527 (1991). Here, the summary judgment order granted a permanent injunction mandating removal of the fence, rockery, and landscaping. But which claims and whether damages survive summary judgment is unclear from the court's written order.[5] Nor did the trial court certify the order for immediate appeal under CR 54(b).

The trial court compounded the problem by declining to rule on Armstrong and Mosley's legitimate request for clarification. Even though Duran moved for summary judgment as a matter of law on all claims and for monetary damages, the court signed her form of order granting the motion without awarding any monetary damages. That omission is arguably inconsistent with the court's grant of summary judgment on the tort claims. The order also fails to "designate the documents and other evidence called to the attention of the trial court before the order on summary judgment was entered." CR 56(h). No submissions by Armstrong and Mosley are identified in the order. The order states:

> THIS MATTER, having come before the above-captioned Court on Plaintiff's Motion for Summary Judgment, and the Court having considered the following evidence in addition to the pleadings and records otherwise on file:
> 1. Plaintiff's motion for summary judgment;
> 2. Declaration of Gael Duran and attached exhibits;
> 3. Declaration of Lisa M. Hammel [Duran's attorney] and attached exhibits;

---

[5] Duran's attorney drafted the ambiguous order and later opposed Armstrong and Mosley's motion to clarify it.

. . . .

AND having heard oral argument of counsel, and being fully advised does now hereby

ORDER ADJUDGE AND DECREE:

Plaintiff's motion is GRANTED.

It is further ORDERED, ADJUDGED, AND DECREED

Defendants are hereby ordered to remove the fence, rockery, landscaping, and all other their [sic] encroachments from the easement area as described in the easement previously recorded pertaining to the subject property within 30 days of the date of this Order.

IT IS FURTHER

ORDERED, ADJUDGED AND DECREED that Defendants will pay all attorneys' fees and costs and damages incurred by Plaintiff in brining this action. Plaintiff's counsel shall submit a cost bill within 45 days of this order. [The trial court handwrote the following interlineation:] Any request for attorneys' fees must be supported by legal briefing showing a clear statutory or contract right to same.

Dated this 12 day of August, 2011.

[Signed by] Judge Doyle

(Formatting omitted.)

Because the summary judgment order's appealability is questionable, we decline to review all challenges related to that order, including any challenge to the timeliness of this appeal. We instruct the trial court on remand to clarify its summary judgment order consistent with this opinion.

Armstrong and Mosley claim we must review the summary judgment order to determine whether the contempt judgment is valid. But as Armstrong's attorney acknowledged at oral argument, this claim fails under the collateral bar rule.

Under the collateral bar rule, an order entered by a court of competent jurisdiction "cannot be collaterally attacked in contempt proceedings arising from its violation, since a contempt judgment will normally stand even if the order violated was erroneous or was later ruled invalid." State v. Coe, 101 Wn.2d 364, 370, 679 P.2d 353 (1984); see also City of Seattle v. May, 171 Wn.2d 847, 861, 256 P.3d 1161 (2011)

-7-

("The collateral bar rule generally states judicial orders may not be collaterally attacked in a subsequent proceeding to enforce that order.").[6] "The policy underlying the collateral bar rule is respect for independent judicial decision making." City of Bremerton v. Widell, 146 Wn.2d 561, 569, 51 P.3d 733 (2002).

Armstrong and Mosley properly appealed the contempt judgment only. Under the collateral bar rule, their assignments of error pertaining to the underlying summary judgment order constitute an impermissible collateral attack on that order. Accordingly, we confine our review to the propriety of the contempt judgment.[7]

Contempt Judgment

Contempt of court occurs when, among other things, a litigant intentionally disobeys any lawful judgment, decree, order, or process of the court. RCW 7.21.010(1)(b). "Because contempt of court is disruptive of court proceedings and/or undermines the court's authority, courts are vested with 'an inherent contempt authority, as a power necessary to the exercise of all others.'" In re Dependency of A.K., 162 Wn.2d 632, 645, 174 P.3d 11 (2007) (some internal quotation marks omitted) (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 831, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)).

---

[6] The collateral bar rule does not preclude an attack on a void order. May, 171 Wn.2d at 852. Armstrong and Mosley do not argue that this exception applies.

[7] Duran's response brief contains a motion to dismiss this appeal on grounds that (1) the appeal is untimely and (2) Armstrong and Mosley filed untimely opening briefs. Because Armstrong and Mosley timely appealed the contempt judgment, we reject the first ground for dismissal. We reject the second ground because, contrary to Duran's argument, RAP 18.9(a) does not authorize dismissal for failure to file a timely brief. Duran also argues that we should dismiss this appeal under the doctrine of judicial estoppel. We reject this argument because Armstrong and Mosley have not taken positions on appeal that are clearly inconsistent with those taken below. Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007).

The trial court may find a litigant in contempt if, after notice and hearing, it "finds that the person has failed or refused to perform an act that is yet within the person's power to perform . . . ." RCW 7.21.030(2). "Whether contempt is warranted in a particular case is a matter within the sound discretion of the trial court; unless that discretion is abused, it should not be disturbed on appeal." King v. Dep't of Soc. & Health Servs., 110 Wn.2d 793, 798, 756 P.2d 1303 (1988). We will uphold a finding of contempt if we can find "any proper basis" for it. Trummel v. Mitchell, 156 Wn.2d 653, 672, 131 P.3d 305 (2006) (emphasis added).

Armstrong requests to vacate the contempt judgment on the ground that the trial court "erroneously accepted the facts as stated by [Duran's] counsel and failed to conduct an evidentiary hearing as requested given the severity of the sanctions sought." Br. of Appellant Armstrong at 8. This two-part argument fails because (1) the record contains no motion to strike the declaration submitted by Duran's counsel and (2) neither Armstrong nor Mosley requested an evidentiary hearing before the trial court entered its finding of contempt.[8] See Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 352, 588 P.2d 1346 (1979) (failure to bring a motion to strike waives argument that affiant lacked personal knowledge); State v. Hatten, 70 Wn.2d 618, 622, 425 P.2d 7 (1967) ("If a more extensive hearing than that which is afforded is desired in contempt proceedings, an application for such hearing must be made in the trial court, otherwise, error cannot be predicated on the failure to grant it.").

---

[8] Armstrong and Mosley requested an evidentiary hearing for the first time in their motion for reconsideration of the trial court's contempt finding. They cited no authority supporting their request.

Mosley seeks to vacate the contempt judgment on the alternative ground that the presence of genuine issues of material fact precluded entry of the underlying summary judgment order. See, e.g., Reply Br. of Appellant at 18 ("The impropriety of the summary judgment order requires reversal of all subsequent orders of the trial court.") (Formatting omitted.). This argument fails under the collateral bar rule discussed above. May, 171 Wn.2d at 852; Coe, 101 Wn.2d at 370. Mosley cites no contrary authority, and we assume that none exists. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

In any event, the record shows that the trial court did not abuse its discretion in finding Armstrong and Mosley in contempt of court. When a trial court resolves a contempt motion on documentary evidence and credibility assessments, we review the court's findings of fact for substantial evidence.[9] In re Marriage of Rideout, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003). Substantial evidence is "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). In determining whether the facts support a finding of contempt, we strictly construe the order alleged to have been violated. In re Marriage of Humphreys, 79 Wn. App. 596, 599, 903 P.2d 1012 (1995). We treat unchallenged findings as verities on appeal. Rideout, 150 Wn.2d at 353.

---

[9] The appellate briefing submitted by Armstrong and Mosley contains no discussion of the appropriate standard of review of the trial court's contempt judgment.

In finding Armstrong and Mosley in contempt of court, the trial court made the following unchallenged findings:

1. Defendants [Armstrong and Mosley] intentionally failed to comply with the terms of the Court's August 12, 2011 Order on Summary Judgment which compelled defendants to remove the fence, landscaping, and rockery which are encroaching on plaintiff's easement within 30 days of the Order.
2. Defendants violated the order by failing to remove the fence, landscaping and rockery within 30 days of the Order.
3. As of the date of plaintiff's motion for contempt, defendants are still in violation of the Court's August 12, 2011 Order on summary judgment for failing to remove the encroachments on plaintiff's easement.
4. Defendants' failure to comply with the Court's Order has resulted in harm to the plaintiff, as she is denied her lawful property right of access to the easement area as long as the encroachments remain[.]
5. Plaintiff has incurred damages in attorney fees and costs in the amount of $1,500 associated with attempting to get defendants to comply with the Court's Order and remove the encroachments.

These unchallenged findings establish that Armstrong and Mosley intentionally failed to remove the fence, rockery, and landscaping within 30 days of the court's summary judgment order.

Because the trial court's findings are verities on appeal, they are necessarily supported by substantial evidence. In turn, the findings easily support the court's conclusion that Armstrong and Mosley intentionally disobeyed a lawful court order. Because the contempt judgment was not an abuse of discretion, we affirm.

Attorney Fees

Duran requests attorney fees on appeal under RAP 18.1(a), which authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review . . . ." Duran cites RCW 4.24.630, which states:

Every person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or

-11-

improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury.

The statute further states, "Damages recoverable under this section include . . . reasonable attorneys' fees and other litigation-related costs." RCW 4.24.630. We deny Duran's request because the trial court made no finding that Armstrong or Mosley violated RCW 4.24.630. As a result, "applicable" law does not grant Duran the right to recover attorney fees on appeal. RAP 18.1(a).

## CONCLUSION

We affirm the contempt judgment and remand to the trial court for further proceedings, with instructions to clarify the summary judgment order consistent with this opinion.

WE CONCUR: