IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GEORGE CHRISTENSEN,<br><br>　　　　　　Respondent,<br><br>　　　　v.<br><br>T & L COMMUNICATIONS, INC.,<br>a Washington corporation;<br>PACIFIC TECH CONSTRUCTION<br>INC., a Washington corporation;<br>KENNETH FORTENBERRY, an<br>individual; and OLD REPUBLIC<br>SURETY COMPANY, a foreign<br>corporation<br><br>　　　　　　Defendants,<br><br>LARRY E. BUSHAW,<br><br>　　　　　　Appellant. | No. 82061-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Larry Bushaw, the president of T & L Communications Inc., appeals the trial court's imposition of contempt sanctions on Bushaw individually. After George Christensen was awarded damages against T & L in a wrongful discharge case, Bushaw appeared on behalf of T & L at a supplemental proceeding to answer questions about T & L's finances. Bushaw was ordered to bring T & L's financial statements and records of bank accounts to the supplemental proceeding. However, when asked under oath to list all of T & L's bank accounts, he failed to disclose several active checking and savings accounts. After discovering the concealment, Christensen moved to impose

Citations and pin cites are based on the Westlaw online version of the cited material.

contempt sanctions against T & L and against Bushaw personally. While Christensen served T & L's attorney with the motion for sanctions, he did not serve the motion on Bushaw, who was not a party to the underlying action. At the contempt hearing, Bushaw was not represented and was not given an opportunity to argue against the sanctions. The trial court imposed contempt sanctions against Bushaw amounting to the entire judgment on T & L, and Bushaw appeals.

We conclude that because Bushaw was not given notice and an opportunity to be heard, the contempt order must be vacated.

FACTS

In 2013, George Christensen sued T & L and three other defendants for unpaid wages, wrongful termination, tortious interference with business relationships, statutory discrimination/retaliation, and assault and battery. In September 2016, the court granted partial summary judgment to Christensen, finding that he had established T & L's liability for unpaid prevailing wages. All of the other defendants were dismissed, and the remainder of Christensen's claims against T & L went to trial. In January 2018, the jury found that T & L wrongfully terminated Christensen, and it awarded Christensen $76,581.92 in damages. In May 2018, the court awarded Christensen an additional $90,963.80 in attorney fees and costs.

T & L did not voluntarily pay any of this amount, but Christensen was able to collect a small portion through bank garnishments. On September 21, 2018,

2

the court ordered Larry Bushaw, T & L's president, or Cathryn[1] Bushaw, T & L's vice president, to appear in court for supplemental proceedings and testify regarding T & L's finances. Larry and Cathryn Bushaw are the only officers and the only shareholders of T & L. The order required whomever appeared on behalf of T & L to bring all of T & L's financial statements from the past two years and records of all savings and checking accounts that had not already been provided to Christensen. On the same date, the court issued an order for Larry or Cathryn Bushaw to appear and show cause why the court should not order T & L to deliver funds to the sheriff.

On October 12, 2018, Larry Bushaw appeared for the supplemental proceeding with T & L's attorney, Timothy Dack, and was examined under oath regarding T & L's assets. As part of this examination, Bushaw filled out a form which asked him to list "all banks" in which T & L had a checking or savings account. Bushaw listed only "Columbia CU." After the examination, the court ordered Larry or Cathryn Bushaw to deliver T & L's vehicles and the assets in T & L's Columbia Credit Union (Columbia) account to the Clark County Sheriff's Office.

On December 11, 2018, T & L disclosed two October 2018 bank statements from HAPO Community Credit Union to Christensen. These statements listed three savings and two checking accounts that T & L had not previously disclosed to Christensen. The statements showed that T & L was

---

[1] The court refers to Bushaw's wife as "Catherine" throughout the record, but this appears to be a misspelling. "Bushaw" in this opinion refers to Larry Bushaw.

actively using the HAPO checking accounts both before and after the supplemental proceeding. Over $138,000 was deposited in the two accounts in the month of October, including more than $55,000 before the date of the supplemental proceeding.[2]

On March 7, 2019, Christensen asked the court to find both T & L and Larry Bushaw in contempt and to hold Bushaw personally liable for remedial sanctions up to the whole value of the judgment against T & L. Christensen argued that the failure to disclose any information about the HAPO accounts, as well as the failure to surrender T & L's vehicles and the money in T & L's Columbia account to the sheriff, constituted contempt of court. He asked the court to impose compensatory and coercive remedial sanctions on Bushaw.[3] Alternatively, Christensen asked the court to disregard the corporate entity and hold Larry and Cathryn Bushaw, as T & L's shareholders, liable for the judgment against T & L. Christensen contended that because Larry Bushaw exercised control over payment of T & L funds and was using that control to increase T & L expenditures, pay himself substantial compensation, and hide T & L's assets, personal liability was appropriate.

T & L's attorney objected to this motion. He asserted that T & L had been unable to comply with the order to transfer vehicles to the sheriff and that the court could not hold Larry or Cathryn Bushaw liable when they were not parties

---

[2] Both bank statements appear to be cut off at different points, with each statement failing to account for about $17,000 of the total month's deposits.

[3] Compensatory sanctions "compensate the complainant for losses sustained" while coercive sanctions "coerce the defendant into compliance with the court's order."

to the underlying action and had not been served with the motion to hold them liable.

At the hearing, although T & L's attorney advocated against the sanctions, Bushaw was not personally represented either by an attorney or pro se.[4] Nonetheless, the court ordered the sanctions and held Bushaw personally liable for the full amount of the judgment against T & L. Bushaw appeals.

## ANALYSIS

Bushaw contends that the court did not have the authority to enter sanctions against him when he was not a party to the underlying lawsuit and had not been served with the motion for sanctions. He also contends that the court erred by entering a finding that Bushaw was represented at the supplemental proceeding by his attorney. We agree.

### Standard of Review

We generally "review a trial court's decision in a contempt proceeding for an abuse of discretion." In re Marriage of Eklund, 143 Wn. App. 207, 212, 177 P.3d 189 (2008). However, the "'court's authority to impose sanctions for contempt is a question of law, which we review de novo.'" State v. Dennington, 12 Wn. App. 2d 845, 850, 460 P.3d 643 (quoting In re the Interest of Silva, 166 Wn.2d 133, 140, 206 P.3d 1240 (2009)), review denied, 196 Wn.2d 1003 (2020). Furthermore, we review the court's findings of fact underlying the contempt order for substantial evidence. In re Marriage of Eklund, 143 Wn. App. at 212.

---

[4] T & L's attorney informed the trial court at the hearing that he did not represent Bushaw, and he only briefly addressed the issues concerning Bushaw personally in general terms.

"Evidence is substantial where it is 'sufficient to persuade a rational fair-minded person the premise is true.'" Braatz v. Braatz, 2 Wn. App. 2d 889, 899, 413 P.3d 612 (2018) (quoting Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003)).

### Scope of Attorney for T & L's Representation

As an initial matter, Bushaw contends that the court erred in finding that at the supplemental proceeding on October 12, "Bushaw appeared as ordered with his attorney, Timothy Dack." Bushaw asserts that Dack was T & L's attorney, not Bushaw's. The record supports this conclusion: Dack is described exclusively as T & L's attorney throughout the record, and Dack clarified at the contempt hearing that he did not represent Bushaw personally. Christensen agrees that this finding is not supported by substantial evidence. We conclude that this finding was entered in error.

### Sufficiency of Notice for Contempt Motion

Bushaw next contends that the trial court did not have the authority to enter the findings of fact, conclusions of law, and order for sanctions against him when he had not been served with the motion for sanctions. We agree.

"A person who refuses, or without sufficient excuse neglects, to obey an order" in a supplemental proceeding under chapter 6.32 RCW "may be punished . . . as for contempt." RCW 6.32.180. The court may "initiate a proceeding to impose a remedial sanction . . . in the proceeding to which the contempt is related." RCW 7.21.030(1). RCW 7.21.030(1) requires that, except where the court imposes sanctions after directly observing contempt in the

courtroom under RCW 7.21.050, sanctions may only be imposed "after notice and hearing." RCW 7.21.050. Notice in a contempt proceeding must at a minimum "inform[ ] the accused of the time and place of the hearing and the nature of the charges pending." Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 335, 722 P.2d 67 (1986). The right to notice is important because it protects the individual's right to be heard, which is the most significant protection in a contempt proceeding and includes the right to produce witnesses or other evidence. In re Rapid Settlements, Ltd., 189 Wn. App. 584, 598, 359 P.3d 823 (2015); State v. Hatten, 70 Wn.2d 618, 621, 425 P.2d 7 (1967).

In this case, the court imposed sanctions under RCW 7.21.030, which requires notice and hearing. Christensen served T & L's attorney with the motion to hold Bushaw in contempt, but he does not claim that he served Bushaw with notice. Therefore, the record does not establish that Bushaw was informed of the hearing and nature of the charges against him, as required by Burlingame. 106 Wn.2d at 335. The fact that the notice provided to Bushaw was insufficient is illustrated by the fact that it did not protect Bushaw's right to be heard. See Rapid Settlements, 189 Wn. App. at 598 ("'The notice requirement is important only because it protects an individual's right to be heard.'" (quoting Burlingame, 106 Wn.2d at 332)). Indeed, Bushaw was not given the opportunity to advocate for his interests at the contempt hearing, either on his own behalf or through an attorney. We hold that at a minimum, Bushaw was entitled to receive notice of the contempt hearing personally when sanctions were sought against him personally.

Christensen disagrees and claims that notice in this case was "'reasonably calculated'" to inform Bushaw of the motion against him. Christensen contends that Bushaw was an officer of T & L and therefore would presumably learn of the motion from T & L's attorney. However, even in the cases cited by Christensen in support of this proposition, notice was at least mailed to the person who required the notice. See State v. Nelson, 158 Wn.2d 699, 705, 147 P.3d 553 (2006) (Department of Licensing mailed notice of license revocation to party's address of record); Jones v. Flowers, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006) (State informed party of impending tax sale by mailing him a certified letter). Christensen cites no case where notice for a contempt proceeding could properly be served to a different entity than the entity against whom sanctions were sought.

Christensen also contends that the notice to T & L in this case was, in fact, sufficient to protect Bushaw's right to be heard, because it is likely that T & L's attorney informed Bushaw of the pending motion. Christensen asserts that "whether [Bushaw] retained counsel and noted his objection at the hearing was up to" Bushaw. However, the protections of due process should not be permitted to rest on the expected actions of private third parties. Without a record that Bushaw received personal notice of the contempt proceeding, there is not a sufficient basis to conclude that Bushaw had a reasonable opportunity to prepare evidence to defend himself. Moreover, even if we concluded that Bushaw had actual notice of the hearing, we would still conclude that Bushaw's procedural rights were not enforced because the court did not give Bushaw an opportunity to

be heard at the contempt hearing.  <u>Hatten</u>, 70 Wn.2d at 621.  Because he did not receive sufficient notice of the contempt proceeding, the court erred in imposing sanctions on Bushaw.[5]

Although the record in this case appears to confirm that Bushaw failed to disclose all of T & L's bank accounts as ordered, due process requires that he be given notice and an opportunity to be heard prior to a finding of contempt and entry of sanctions.  We reverse and remand to vacate the order imposing sanctions on Larry Bushaw.

_Smith, J._

WE CONCUR:

_Coburn, J._  _Appelwick, J._

---

[5] Christensen also characterizes Bushaw's argument as claiming that he could not be found to be in contempt when he was not a party to the underlying case.  Bushaw does not appear to make this argument.  Rather, he claims only that the court did not have authority to impose sanctions on a nonparty without notice.  Thus, while Christensen is correct that sanctions must be imposed "in the proceeding to which the contempt is related," regardless of whether the sanctioned entity is a party, we need not address this issue.  <u>See</u> RCW 7.21.030(1).