IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Appellant,<br><br>      v.<br><br>STEPHANIE LYNN POND-HILL,<br><br>               Respondent. | No. 81844-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Stephanie Lynn Pond-Hill was arrested for suspected theft and resisting arrest when an officer thought she had stolen clothing from a store. After finding that Pond-Hill was incompetent to stand trial, the Department of Social and Health Services (DSHS) did not provide Pond-Hill restoration services for 97 days. Because of this delay, the superior court imposed contempt sanctions of $3,000 per day—a sanction not enumerated in the remedial sanction statute, RCW 7.21.030(2)—against DSHS. Under RCW 7.21.030(2)(d), prior to imposing an unenumerated sanction, the court was required to expressly find that the enumerated remedial sanctions were inadequate to coerce DSHS's compliance. Because the trial court made no such finding, we vacate the order of sanctions.

FACTS

On September 28, 2018, Officer Michael Berndt followed Pond-Hill and believed that she had stolen clothing from a store in Longview, Washington. When Officer Berndt went to arrest Pond-Hill, she resisted and kicked him.

Citations and pin cites are based on the Westlaw online version of the cited material.

Officer Berndt later learned from the store that Pond-Hill "had knocked over and broken" a small box of lightbulbs worth $16.05 but that Pond-Hill had not stolen any clothing.

On October 2, 2018, the State charged Pond-Hill with assault in the third degree, malicious mischief, and resisting arrest. At her arraignment, the trial court ordered DSHS to complete a competency evaluation of Pond-Hill. Twelve days later, DSHS completed the evaluation, finding that Pond-Hill lacked "the capacity to understand the nature of the proceedings against her." Shortly thereafter, the court found Pond-Hill not competent to stand trial and ordered DSHS to provide her with restoration services.

On November 8, 2018, the trial court issued an order to show cause as to whether it should find DSHS in contempt for its failure to provide Pond-Hill with restoration services. DSHS contended that it was unable to admit Pond-Hill at the time due to "factors outside of [its] control." DSHS made four arguments against an order of contempt and sanctions. First, it argued that it did not intentionally disobey the court's order. Next, it asserted that the sanctions were unnecessary because it is already subject to federal oversight and sanctions. It also contended that the trial court was without authority to impose sanctions because "[p]unitive sanctions may not be imposed . . . pursuant to RCW 7.21.040" unless the State requests them. Finally, DSHS argued that the court must "'specifically find[ ]'" all statutory contempt procedures and remedies inadequate before imposing punitive or remedial sanctions.

On November 13, 2018, the trial court held a show cause hearing. At the

hearing, DSHS stated that Pond-Hill would be admitted for restoration services in mid-January. Pond-Hill's counsel expressed concerns that Pond-Hill was "so gravely disabled" that she would be unable to obtain any services while waiting for restoration services out of custody. The court's oral ruling provided:

> I'm going to find the State in contempt. I'm going to order $3,000 a day in fines. I'm going to put this over to next Tuesday, the 20th, at 1:30. Anticipate she's going to be getting out then, because there is no possible way she can be tried in a timely manner. And whatever can be done to connect her up with any kind of housing or anything else. . . . I don't see any other options for us.

On November 20, 2018, the court held a hearing without the presence of DSHS and without attempting to obtain DSHS's presence. In an abbreviated proceeding, the court ordered that, in "the absence of any new information," Pond-Hill be released without bail. The trial court entered its order imposing $3,000 sanctions per day effective November 13, 2018. The court cited no legal authority.

DSHS did not provide Pond-Hill restoration services until March 8, 2019. On April 12, 2019, Pond-Hill was evaluated and found competent to stand trial. On May 7, 2019, the court entered an order for $291,000 in contempt sanctions. DSHS appeals.

ANALYSIS

Preservation of Issue

As an initial matter, based on RAP 2.5(a), Pond-Hill asserts that the court should refuse to review the issue because DSHS did not make this argument before the trial court. We disagree.

Under RAP 2.5(a), "[t]he appellate court may refuse to review any claim of error which was not raised in the trial court." State v. Gregg, 9 Wn. App. 2d 569, 574, 444 P.3d 1219 (2019) (alteration in original) (quoting RAP 2.5(a)(3)), aff'd, No. 97517-5, slip op. at (Wash. Sept. 17, 2020), http://www.courts.wa.gov/opinions/pdf/975175.pdf. In DSHS's responsive briefing to the trial court's order setting a show cause hearing, it argued that the court's sanctions would exceed its authority under RCW 7.21.030. It further argued that the court could not exercise its inherent authority because the record did not establish that the statutory remedies were inadequate. Because DSHS presented these arguments to the trial court, RAP 2.5 does not apply, and we review the merits of DSHS's contention. See, e.g., State v. Bluford, 195 Wn. App. 570, 586, 379 P.3d 163 (2016) (Where the defendant requested the lesser included offense instruction below, on appeal, we concluded that RAP 2.5 did not apply and that the defendant preserved the argument for review on appeal.), rev'd on other grounds, 188 Wn.2d 298, 393 P.3d 1219 (2017).

<u>Contempt Sanctions</u>

DSHS contends that the trial court erred in imposing sanctions of $3,000 per day without expressly finding that the enumerated contempt sanctions would be inadequate to terminate the contempt. Although the trial court's reason for imposing sanctions against DSHS was proper given the unacceptable delay in providing restoration services to Pond-Hill, because the court failed to act in accordance with the statute, we agree with DSHS.

"'A court's authority to impose sanctions for contempt is a question of law,

which we review de novo.'" State v. Dennington, 12 Wn. App. 2d 845, 850, 460 P.3d 643 (quoting In re Interest of Silva, 166 Wn.2d 133, 140, 206 P.3d 1240 (2009)), review denied, 196 Wn.2d 1003 (2020). Such authority "'may be statutory[ ] or under the inherent power of constitutional courts.'" Dennington, 12 Wn. App. 2d at 851 (quoting State v. Hobble, 126 Wn.2d 283, 292, 892 P.2d 85 (1995)). DSHS asserts that given the trial court's lack of findings to the contrary, the court did not use its inherent authority to impose punitive sanctions, and Pond-Hill does not assert otherwise.[1] Accordingly, we review whether the court properly invoked its "statutory contempt authority . . . set forth in chapter 7.21 RCW." Dennington, 12 Wn. App. 2d at 852.

When a party has failed to perform an act within its power, "the court may find the [party] in contempt of court and impose" remedial sanctions. RCW 7.21.030(2). The enumerated sanctions include (a) imprisonment, (b) "[a] forfeiture not to exceed two thousand dollars for each day the contempt of court continues," and (c) "[a]n order designed to ensure compliance with a prior order of the court." RCW 7.21.030(2). "[I]f the court expressly finds that [these] sanctions would be ineffectual to terminate a continuing contempt of court," it may impose "[a]ny other remedial sanction." RCW 7.21.030(2)(d).

The court's order falls under RCW 7.21.030(2)(d) because a forfeiture of

---

[1] To the extent that Pond-Hill asserts that the trial court had inherent authority, Pond-Hill makes only the conclusory statement that "[t]he order of contempt is a valid order authorized under the superior court[']s inherent constitutional authority as well as its statutory authority." However, "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Accordingly, we do not address this contention.

$3,000 per day is not an enumerated sanction. Specifically subsection (b) provides the court with authority to impose a forfeiture of *no more* than $2,000 per day. Because a forfeiture is defined as a fine or penalty,[2] the $3,000 per day fine is a forfeiture. But it exceeds the maximum fine available under subsection (b), and therefore, that subsection does not apply. In the same vein, subsection (c) does not apply. When interpreting a statute, we will not read different language to mean the same. See Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 220, 173 P.3d 885 (2007) (holding that where the legislature used "'active federal service in the military or naval forces'" in one subsection and "'service in the armed forces'" in another, the legislature meant two different things). Accordingly, we cannot read subsection (c)'s language—a sanction of "[a]n order designed to ensure compliance"—to include a sanction of "a forfeiture" and, thus, to permit a sanction of more than $2,000 per day thereunder. For these reasons, the contempt order must satisfy RCW 7.21.030(2)(d).

In interpreting RCW 7.21.030(2)(d), we "'assume the Legislature means exactly what it says' . . . and apply it as written." Densley, 162 Wn.2d at 219 (quoting State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). Here, under the plain language of RCW 7.21.030(2)(d), the court must make an express finding that the enumerated sanctions would be ineffectual in getting DSHS to provide Pond-Hill with restoration services. However, the court's written order provides only the sanction amount and reason, i.e., failure to provide restoration

---

[2] BLACK'S LAW DICTIONARY 765 (10th ed. 2014).

services, and at the show cause hearing, the court similarly summarily issued the sanction order.[3]  Because the court did not expressly find the enumerated sanctions inadequate, the court erred and exceeded its authority when it imposed sanctions of $3,000 per day.  We therefore vacate the order of sanctions.  See, e.g., State v. Salazar, 170 Wn. App. 486, 494, 291 P.3d 255 (2012) (vacating the contempt orders where the trial court improperly exercised its inherent contempt authority and sanctioned the defendant with imprisonment).

_____
Dwyer, J.

WE CONCUR:

_____        _____
Mann, C.J.                                              Appelwick, J.

---

[3] We note the procedural deficiencies at the hearing setting the sanctions. Specifically, rather than waiting for the court clerk to connect DSHS to the hearing, the court quickly concluded the hearing, stating that no new information was provided and ordering the sanctions.