IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SORAYA MENDEZ,

                Respondent,

    v.

JORGE A. PORTILLO,

                Appellant.

No. 82629-8-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Jorge Portillo appeals an order on civil contempt for his failure to comply with an order to surrender weapons. The court did not make any written findings of fact or conclusions of law to support its order. We remand for the trial court to enter written findings.

## FACTS

Soraya Mendez filed a petition for a domestic violence protection order against her ex-husband, Jorge Portillo. She alleged many incidents of abuse, including Portillo threatening her with firearms. She stated that when she came home from work, he sat at the table "with 3 of his guns, he was putting on some new accessories, a laser and other things." He pointed a laser at her forehead and said "that's exactly where the bullet is going to land." On another occasion, he put a gun to her head and threatened to kill her if she left. The petition also

Citations and pin cites are based on the Westlaw online version of the cited material.

included multiple photo exhibits, including photos of a firearm and a photo of Portillo with a firearm.

On November 20, 2020, the court issued a temporary domestic violence protection order (TDVPO) protecting Mendez and her child, and it also issued an order to surrender weapons (OTSW), serving the documents on Portillo a week later.

On December 14, 2020, Portillo, through counsel, filed a declaration denying all allegations of domestic violence and child abuse. Portillo asserted that he did not have weapons to surrender, and he never pointed a firearm at Mendez. On December 16, 2020, the court held a compliance review and entered a findings and order on review. Portillo attended the hearing. Portillo was found not in compliance, and a review hearing was set for December 30, 2020. Portillo filed a supplemental declaration again asserting a general denial that he did not own any guns or other weapons.

Portillo appeared on December 30, 2020, was again found not in compliance, and the hearing was continued to January 13, 2021. The court did not find Portillo's testimony regarding the photos in Mendez's petition credible. It stated that Portillo "may be able to address the court's concern by locating 'Gerry' and obtaining a declaration from him regarding the firearm's ownership."

On January 13, 2021, Portillo again appeared, was found not in compliance, and the court continued the hearing to January 27, 2021.

On January 21, 2021, Mendez filed an additional declaration stating that on January 15, she saw Portillo in his work truck in a grocery store parking lot

2

while she was grocery shopping.  On February 1, Portillo responded by declaration, stating that he was not purposely in the same parking lot as Mendez, but he was there for a physical therapy appointment.  He attached an exhibit from his physical therapist confirming that he was there on January 15 at 11:00 a.m.

Portillo again appeared at the compliance hearing on January 27, 2021, was found not in compliance, and the court continued the hearing to February 17.  The State requested more time to translate a declaration from Portillo's brother, and Portillo requested more time to submit further declarations.  The hearing was further continued to March 3, and then March 17.  The court again found Portillo not in compliance.  The court set the matter for a contempt hearing on April 21, 2021.

On April 8, 2021, the State filed a motion for civil contempt under RCW 9.41.801(7).  On April 13, Portillo filed a third declaration denying ownership or possession of any type of firearm.

At the April 21 hearing, the court entered an order finding Portillo not in compliance with the OTSW.  That order incorporated the court's oral ruling by reference as to another order, presumably the court finding Portillo in contempt.[1]  On April 30, the court entered an order granting the State's motion for contempt and ordered sanctions for his failure to fully comply with the OTSW.  It did not

---

[1] We are unable to review what was said at the April 21 hearing because we did not receive a designated verbatim report of proceedings.  Also, the City filed a request for supplemental designated clerk's papers with this court, but failed to file it with the King County Superior Court Clerk's Office so we never received the designated supplemental clerk's papers.

enter written findings and incorporated the court's oral ruling without any reference to the April 21 hearing or noncompliance order. Portillo appeals.

DISCUSSION

Portillo contends that the court abused its discretion when it found Portillo in contempt of the OTSW because it was not supported by findings of fact and conclusions of law. We agree.

A trial court's finding of contempt is reviewed for abuse of discretion. State v. Dennington, 12 Wn. App. 2d 845, 851, 460 P.3d 643, review denied, 196 Wn.2d 1003 (2020). The trial court abuses its discretion if its decision is exercised on untenable grounds or for untenable reasons, or if its decision was reached by applying the wrong legal standard. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). To allow the appellate court to review a contempt order, "'a trial court must be sure written findings are entered, either by delegating the task to opposing counsel or writing them out personally.'" Dennington, 12 Wn. App. 2d at 851 (quoting Templeton v. Hurtado, 92 Wn. App. 847, 853, 965 P.2d 1131 (1998)).

The court's order on civil contempt provided in relevant part:

> IT IS HEREBY ORDERED that the State's Motion for Contempt is granted. The Court's oral ruling is hereby incorporated by reference. A monetary sanction of $15 per day, for each day that the firearms remain outstanding, will accrue until those items are surrendered to law enforcement. . .
>
> The respondent must surrender the following items:
> • The firearm in the photograph
> • Any firearms that Mr. Portillo owns or possesses

It did not enter any findings of facts or conclusions of law.

We have consistently held that remand for entry of written findings is necessary following a trial court's order to hold individuals in contempt. Templeton, 92 Wn. App. at 853; Dennington, 12 Wn. App. 2d at 851. Our Supreme Court in State v. Hobble, explained that "to avoid any question about the sufficiency of a factual recitation in an order of contempt, we advise trial courts to provide a thorough description of the relevant facts sufficient in law to show contempt." 126 Wn.2d 283, 295, 892 P.2d 85 (1995).

The respondent argues that because the court issued written orders after each weapons surrender compliance hearing, the requirement that the court enter written findings was satisfied. However, the actual order on appeal does not incorporate its previous orders. It incorporates its oral ruling, which is not contained in the record before us. Regardless, "an oral ruling does not supply an adequate basis for appellate review of an order of contempt." Templeton, 92 Wn. App. at 853. The very incorporation of its *oral* ruling implicates that it did not provide written findings.

Here, the appropriate remedy is to remand for entry of written findings because we cannot complete a substantive review without them. We therefore decline to address whether the sanction itself was proper.

Remanded to the trial court to enter written findings.


_____Coburn, J._____


5

WE CONCUR: